

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable T. M. Trimble
First Assistant
State Superintendent of Public Instruction
Austin, Texas

Dear Sir:

> Opinion No. O-3554
> Re: Is a candidate for the office
> of trustee of a common school
> district who does not hold a
> poll tax receipt or a certifi-
> cate of exemption qualified
> to serve as trustee?

Your written request for an opinion from this department has been received and considered. We quote from your request:

"A candidate for the office of trustee of a common school district became sixty years of age on February 20, 1941. He was elected as trustee of a common school district in Wilson County on April 5, 1941. This candidate had not paid his poll tax. Would he meet the qualifications of a trustee of a common school district, in view of the fact that he was over sixty years of age at the time he was elected?

"Article 2745, Revised Civil Statutes of Texas for 1925, provides that

"'No person shall be trustee who cannot read and write the English language intelligibly, and who has not been a resident of such district for six months prior to his election. Providing no person shall be qualified as trustee unless he is a property taxpayer in the district to which he is elected <u>and otherwise a qualified voter in said district</u>. . .'

"The trustee referred to above can qualify
as a taxpayer in the district."

As indicated from the statute quoted in your re-
quest, no person shall be trustee unless, among other things
required in the statute, that person is "a qualified voter
in said district." From the facts given in your request,
it is obvious that the candidate for the office of trustee
of a common school district does not hold a poll tax receipt
for the year 1940 paid on or before February 1, 1941.

Article 2955, of Vernon's Civil Statutes, gives
the qualifications for voting as follows:

"Every person subject to none of the fore-
going disqualifications who shall have attained
the age of twenty-one and who shall be a citizen
of the United States, and who shall have resided
in this State one year next preceding an election,
and the last six months within the district or
county in which he or she offers to vote, shall
be deemed a qualified elector. The electors
living in an unorganized county may vote at an
election precinct in the county to which such
county is attached for judicial purposes; pro-
vided that any voter who is subject to pay a
poll tax under the laws of this State or ordin-
ances of any city or town in this State, shall
have paid said tax before offering to vote at
any election in this State and holds a receipt
showing that said poll tax was paid before the
first day of February next preceding such elec-
tion; and, if said voter is exempt from paying
a poll tax and resides in a city of ten thou-
sand inhabitants or more, he or she must pro-
cure a certificate showing his or her exemptions,
as required by this title. . . ."

Article 2959, Revised Civil Statutes of Texas,
1925, provides:

"A poll tax shall be collected from every
person between the ages of twenty-one and sixty
years who resided in this State on the first
day of January preceding its levy, Indians not

taxed, persons insane, blind, deaf and dumb, and those who have lost a hand or foot, or permanently disabled, excepted. It shall be paid at any time between the first day of October and the first day of February following; and the person when he pays it, shall be entitled to his poll tax receipt, even if his other taxes are unpaid."

In our Opinion No. O-1230, this department held that in order for a person to be exempt from the payment of a poll tax, levied as of January 1, 1939, payable between October 1, 1939, and February 1, 1940, and for the person to be entitled to vote during the year 1940, he must have been sixty years of age, or over, before January 1, 1939, and, therefore, a person who became 60 years of age in October, 1939, must have duly paid a poll tax in order to be entitled to vote in a July, 1940, primary election. We are enclosing a copy of that opinion for your consideration.

Under the provisions of the above quoted statutes and the opinion referred to, we are of the opinion that the person inquired about is not entitled to an exemption from the payment of poll tax.

You are, therefore respectfully advised that, under the facts submitted by you in your request, a candidate for the office of trustee of a common school district is not qualified to serve as a trustee of such common school district for the reason that he is not a qualified voter in said district as required by the provisions of Article 2745, Revised Civil Statutes of Texas, 1925.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Harold McCracken*

Harold McCracken
Assistant

APPROVED MAY __, 1941

*Grover Sellers*

FIRST ASSISTANT
ATTORNEY GENERAL

HM:LM

ENCLOSURE


APPROVED
OPINION
COMMITTEE
BY *Bob*
CHAIRMAN